O’Neall, J.
After a careful examination of this case, I have been reluctantly brought to the conclusion that the motion for a new trial must be refused. The plaintiff, it is beyond all doubt, is in some way legally entitled to the notes which have been proved to be in the defendant’s hands : and it is hence that I was reluctant to dismiss his case, if it had been possitisive him a remedy : but I am satisfied that in the form in which his case was presented to the Circuit Court, he cannot be relieved.
Before the two specific questions in the case are stated, it will be well to look to the law under which this proceeding takes place : and to attend to the character and form of the issue made up under it.
The attachment act P. L. 187, authorizes the suing out of a writ of foreign attachment by a creditor against a debtor who is absent from the State, and permits to be seized under it, his monies, goods, chattels, debts and books of accompt in the hands, power or possession of any person; and the attaching of any part in the name of the whole which may be in such person’s hands, shall secure and make the whole liable in law to answer any judgement which may be recovered in the said attachment. It also authorizes the person in possession to be summoned as a garnishee by serving him with a copy of the writ: the act among other things directs the garnishee’s appearance and return to the attachment, and after providing for the consequences of his making default in either of these respects, it provides, “But if the person or persons so summoned shall appear at the return of the said writ, and lay claim to the said monies, goods, chattels or other things *473 and upon oath deny the same to belong’ to the absent debtor, or that he hath any monies, goods, chattels, debts or books of accompt belonging to the absent debtor, if the said plaintiff shall rest satisfied therewith, then the said attachment shall be discharged, but if not, then the claimant or claimants, or person or persons so summoned as aforesaid, shall he put to plead the same, and the matter shall be tried forthwith, or at such other Court and time as shall be appointed by the said justices, and the party that shall be cast in the same shall pay to the prevailing party such reasonable cost and charges as shall be. allowed and taxed by the Chief Justice aforesaid.” Under this clause of the act the defendant made his return, denying on oath that he has any monies, goods, chattels, debts or books of accompt belonging to the absent debtor ; and the plaintiff, not resting satisfied with such return, filed.his suggestion alledging it to be false, upon which issue is joined.
It appears that before he made a return, but after the attachment, he had in his hands a note on Riley Gentry, placed there for collection by Mr. Poole, to whom Mrs. Underwood passed it in payment of her husband’s debt.
After he made his return, he had in his possession several notes belonging to his brother-in-law Underwood, the absent debtor. The jury having found for the defendant, it must now be considered here that he had not these last notes at the, time he made his return; and that he had the note on Gentry for a mere temporary purpose before his return, and that it was not in his possession when he made his return. So far therefore as the facts are concerned, his return must be now regarded as true : and then, notwithstanding this be so, comes up the legal questions — Is he liable, 1st for Gentry’s note, and 2dly for the other notes ?
It may be remarked generally, as applicable to both of these, that these notes were in the possession of Mrs. Underwood at the time the attachment was served on her; and that this service made them liable to answer any judgement which might bo recovered on the attachment. M’Bride v. Floyd, 2 Bail. 213. How they are now to be reached, is another question, which this Court is not now called on to answer.
1. The defendant is not liable for Gentry’s note, although Ire had it in his hands after the attachment was sued out, inasmuch as it appears he received it as the mere agent of Mr. Poole, and that the renewed note was given in the name of Underwood to Mrs. Underwood. We must conclude that he parted with the possession of it bona fide, before he made his return ; and that it was never legally in his hands, power or possession, as the property ,of the absent debtor. When I thus ,«av. I do not mean to say that the wife could transfer the note *474 to Poole: for her act, in this respect, was void, and the note was the property of her husband : but as between the defendant and Poole, from whom he received it, he could not dispute Poole’s right of property.
2. As to the other notes, I have had more difficulty. It is true that they were not in his hands when he made his return, but before the defendant pleaded to the suggestion controverting the truth of his return as garnishee.
In Com. Dig. Tit. Attachment letter C., it is said: “And money due upon a bond or contract may be attached before the day of payment, but there shall not be execution ’till a payment incurred.” — -“So, if goods cometo the hands of the garnishee after an attachment granted in the Mayor’s Court, they may be attached.” — “ So, money which was not due from the garnishee when the plaint was levied, if it become payable before process against the garnishee.” To these authorities may be added what is said by Sergeant in his treatise on Attachments, 102, 103, speaking of an attachment by the custom of London, he says : “As if A. attach the moneys or goods of M. in the hands of R. in this Court, and if R. have no moneys or goods in his hands belonging to M. at the time when the attachment shall be made ; and it shall happen that six months after R. shall become indebted to M., or have goods in his hands belonging to M., the plaintiff A., by virtue of the attachment made, as aforesaid, shall recover the money or goods he shall prove came to the hands of R. after the attachment made. The general issue upon ail attachments being, whether R. who is called the garnishee at the time of the attachment made, or at any time after, had any moneys or goods of M. in his hands.”
“ But, under the custom of London, the defendant’s property must be found to have come to the hands of the garnishee before plea pleaded : nor can the plaintiff give in evidence at the trial any moneys that came to the garnishee’s hands after plea pleaded.” The case of McDaniel v. Hughes, 3. E. 368, although it went off on another ground, yet recognizes the practice in the Mayor’s Court under the .custom of London, to be as stated by Mr. Sergeant.
Our act was predicated on the custom of London, and has in all respects, where its own provisions did not point to their own construction, received construction from the practice and decisions in the Mayor’s Court. Until plea pleaded, according to the custom of London, all goods, monies, or debts of the debtor, coming to the hands of the garnishee, would be condemned ; but if after, no evidence could be given of them.— Under our act, what is equivalent to plea pleaded under the custom of London 1 It seems to me it must be the denial on oath, by the garnishee, that he has in his hands any monies. *475 goods, debts, or booksuf aecompt belonging to the absent debtor. For if the plaintiff rests satisfied therewith, the attachment is discharged : but if not, the garnishee shall be put to plead the same. Putting him to plead the same, has always been done by filing a suggestion controverting the truth of his return; and this practice has now the sanction of this Court. Martin v. Parham, 1 Hill, 213. The only issue made up in such a case, is whether the return is true. Evidence cannot be received, admitting it to be true, but asserting a subsequent acquisition of property of the absent debtor, which may yet possibly, in some other mode, be reached; for this would he making and proving a new issue out of the record.
A. W. Thomson, for the appellant.
Dawkins, contra.
The motion for a new trial is dismissed.
Johnson and Harper Js. concurred,